IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID ISRAEL MORENO ALVAREZ,

Petitioner,

v.

WARDEN, MOSHANNON VALLEY PROCESSING CENTER; *et al.*

Respondents,

3:26-CV-00488-CCW

**ORDER**

Pro se Petitioner is a noncitizen detained by Respondents at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania. ECF No. 1 ¶ 2. Petitioner entered the United States in or about 2001 and has resided in the interior of the country ever since. *Id*. at 8. On January 14, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") officers following a traffic stop in Munhall, Pennsylvania. ECF No. 11 at 4. The Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner the same day. ECF No. 11-2. Petitioner's removal proceedings remain pending.

On March 2, 2026, Petitioner had a bond hearing at which the immigration judge ("IJ") denied bond based upon a finding that Petitioner is a flight risk. ECF No. 4-2 at 4.[1] On March 18, 2026, Petitioner had a custody determination hearing before a different IJ. *Id.* at 2. That IJ denied Petitioner's request for a change in custody status, citing lack of jurisdiction pursuant to the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado* 29 I&N Dec. 216 (2025).

[1] Respondents aver that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 11 at 7. In several recent cases, this Court has held that noncitizens similarly situated to Petitioner—that is, noncitizens who entered the United States without being admitted and who, after years of residing continuously in the interior of the country, were then detained by ICE—are subject to discretionary detention under 8 U.S.C. § 1226(a) rather than mandatory detention under § 1225(b)(2). *See, e.g.*, *Zhunio v. Warden et al.*, No. 3:26-CV-71-CCW, ECF No. 7 (W.D. Pa. Mar. 6, 2026) (Wiegand, J.). Nevertheless, because Petitioner has already received a bond hearing pursuant to 8 U.S.C. § 1226(a), the Court need not address which statutory provision governs Petitioner's detention.

*Id.* On March 19, 2026, Petitioner filed the instant Petition in this Court pro se. ECF No. 1. In the Petition, Petitioner asserts, *inter alia*, that his continued detention "without constitutionally adequate custody review" violates his due process rights. ECF No. 1 at 3, 7–8. Petitioner argues that the differing reasons each of the IJs offered for denying bond "deprived [him] of a fair and consistent custody determination." *Id.* Petitioner further argues that his continued detention is unlawful and places him at risk of irreparable harm, citing his lack of criminal history, his 25 years of continuous residence in the United States, his ongoing medical issues, and his need to financially support his family. *Id*. at 8. Petitioner now seeks release from custody. *Id*. at 3.

Because Petitioner acknowledges that he has already received a bond hearing before an IJ on March 2, 2026, and because the Petition does not allege that a due process violation occurred at that hearing, the Court must deny the Petition. This Court's jurisdiction to review the IJ's March 2, 2026 bond hearing is limited to "[Petitioner's] challenges that pertain to the adequacy of process he received at his bond hearing." *Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019). And a bond hearing is "fundamentally fair[,]" and thus satisfies due process, if it has three "essential elements": (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the IJ makes an individualized determination of the detainee's interests. *Id.* at 78; *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

Here, the Petition does not allege that any of the three essential elements of a fundamentally fair bond hearing were missing from the March 2, 2026 hearing. *See* generally ECF No. 1. Instead, Petitioner argues that his continued detention violates his due process rights because of the

hardship resulting from his detention, his lack of criminal history and long ties to the United States, and because of the conflicting reasons the two IJs offered for denying Petitioner release on bond.

These arguments are unavailing. This Court lacks jurisdiction to consider Petitioner's arguments that he is not a flight risk and that the equities favor his release; such arguments are properly raised to the BIA. *See A.D. v. Oddo*, No. 25-cv-460, 2026 WL 101476, at *4 (W.D. Pa. Jan. 14, 2026) (Haines, J.) ("To the extent that Petitioner seeks direct review of the IJ's alternative finding that he has not met his burden for relief under Section 1226(a), this Court lacks jurisdiction to do so[.]"); *see also* 8 U.S.C. §1226(e) (any "discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision . . . under this section regarding the detention of any alien or the revocation or denial of bond or parole."). The fact that different IJs offered different reason for denying Petitioner bond is also insufficient to allege a due process violation. As noted, the IJ at the March 18, 2026 hearing refused to consider the merits of Petitioner's request for a custody redetermination, citing a lack of jurisdiction. ECF No. 4-2 at 2. But that does not change the Court's analysis, because Petitioner had already received a bond hearing on March 2, 2026 at which the IJ did consider the merits of Petitioner's request for bond. ECF No. 4-2 at 4. And, because the IJ at the March 2, 2026 hearing determined that Petitioner was a flight risk and denied Petitioner bond on that basis, this Court lacks jurisdiction to order Petitioner's release from custody, as doing so would "set aside an[] action or decision . . . under [8 U.S.C. § 1226 ] regarding the . . . denial of bond or parole." 8 U.S.C. § 1226(e). The Court therefore must deny the Petition.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus, ECF No. 1, is DENIED.

DATED this 16th day of April, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail)

David Israel Moreno Alvarez
A-221-449-641
Moshannon Valley Processing Center
555 GEO Drive
Phillipsburg, PA 16866